1  DAVID CAPLAN (State Bar No. 181174)
2  MATTHEW KLAFTER (State Bar No. 248136)
   KEATS MCFARLAND &WILSON LLP
3  9720 Wilshire Boulevard
4  Penthouse Suite
   Beverly Hills, California 90212
5  Tel:  (310) 248-3830
6  Fax:  (310) 860-0363
   Email:  dcaplan@kmwlaw.com
7           mklafter@kmwlaw.com
8
9  Attorneys for Plaintiff
   SQUARE ENIX CO., LTD.
10

11

12                UNITED STATES DISTRICT COURT

13                CENTRAL DISTRICT OF CALIFORNIA

14                     WESTERN DIVISION

15

16 SQUARE ENIX CO., Ltd.,               Case No.: CV08 - 00875 JFW (JCx)

17            Plaintiff,                 COMPLAINT FOR:

18       v.                             1. FEDERAL COPYRIGHT
                                           INFRINGEMENT (17 U.S.C. §§ 501
19 WHOLESALE GALLERY, INC.;                et seq.)
   EDGEWORK IMPORTS, INC.;             2. FEDERAL TRADEMARK
20 TOP SWORDS, INC.; PACIFIC              INFRINGEMENT (15 U.S.C. § 1114)
   SOLUTION MARKETING, INC.;           3. FALSE DESIGNATION OF ORIGIN
21 KHALIL BUTT;                           AND FALSE DESCRIPTION (15
   MOHAMMAD SHABBIR;                      U.S.C. § 1125(a))
22 NADIA SHABBIR; and                  4. STATE STATUTORY UNFAIR
   JOHN DOES 1-10,                        COMPETITION
23                                      5. STATE COMMON LAW
                                           TRADEMARK INFRINGEMENT
24            Defendants.                  AND UNFAIR COMPETITION
                                        6. CONSTRUCTIVE TRUST
25

26

27

28

Plaintiff Square Enix Co., Ltd. (hereinafter, "Plaintiff"), by and through counsel, respectfully submits this Complaint against defendants Wholesale Gallery, Inc., Edgework Imports, Inc., Top Swords, Inc., Pacific Solution Marketing, Inc.,  Khalil Butt, Mohammed Shabbir, Nadia Shabbir and John Does 1-20 (hereinafter collectively referred to as "Defendants").  In support thereof, Plaintiff alleges as follows:

## I.  PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of Japan. Plaintiff is the corporate parent of Square Enix of America Holdings, Inc., which is the corporate parent of Square Enix, Inc. ("SEI"), a Washington corporation with its principal place of business in El Segundo, California.  SEI is the primary U.S. licensee of Plaintiff's world-famous *Final Fantasy* intellectual property and a retailer of Plaintiff's merchandise.

2.      Defendant Wholesale Gallery, Inc. ("Wholesale") is, on information and belief, a Georgia corporation doing business at various websites, including but not limited to **http://www.KAswords.com** and **http://www.swordsswords.com**.  Upon information and belief, Wholesale operates an online and brick-and-mortar retail and wholesale business selling fanciful swords to customers in California and elsewhere, including but not limited to direct online sales and indirect sales via secondary online distributors, such as **http://www.ebay.com**, **http://www.wholesalecentral.com** and **http://www.amazon.com**.  Upon information and belief, Wholesale has supplied fanciful swords relevant to this matter to Pacific Solution Marketing, Inc. in California.

3.      Defendant Edgework Imports, Inc. ("Edgework") is, on information and belief, a Georgia corporation doing business at various websites, including but not limited to **http://www.edgeimport.com**.  Upon information and belief, Edgework also operates an online and brick-and-mortar retail and wholesale business selling fanciful swords to customers in California and elsewhere, including but not limited to direct online sales and indirect sales via secondary online distributors, such as

1   http://www.ebay.com, http://www.wholesalecentral.com and

2   http://www.amazon.com.  Upon information and belief, Wholesale has supplied

3   fanciful swords relevant to this matter to Pacific Solution Marketing, Inc. in California.

4       4.    Defendant Top Swords, Inc. ("Top Swords") is, on information and belief,

5   a Georgia corporation doing business at various websites, including but not limited to

6   http://www.topswords.com.  Top Swords also operates an online business selling

7   fanciful swords to customers in California and elsewhere, including but not limited to

8   direct online sales and indirect sales via secondary online distributors, such as

9   http://www.ebay.com, http://www.wholesalecentral.com and

10  http://www.amazon.com.

11      5.    Defendant Pacific Solution Marketing, Inc. ("PSM") is, on information

12  and belief, a California corporation doing business at various websites, including but

13  not limited to http://pacificsolution.com.  PSM also operates a wholesale business

14  selling fanciful swords to customers in California and elsewhere, including but not

15  limited to direct sales to California-based retailers for redistribution to California

16  customers.

17      6.    Defendant Khalil A. Butt, also known as Kyle Adams (hereinafter

18  "Butt"), is, on information and belief, an individual doing business in Georgia at

19  various websites, including but not limited to http://www.KAswords.com and

20  http://www.swordsswords.com.  Butt operates an online business selling fanciful

21  swords to customers in California and elsewhere, including but not limited to direct

22  online sales and indirect sales via secondary online distributors, such as

23  http://www.ebay.com, http://www.wholesalecentral.com and

24  http://www.amazon.com.  Upon information and belief, Butt is the brother of

25  Mohammed Shabbir and the brother-in-law of Nadia Shabbir.

26      7.    Upon information and belief, Wholesale is, and at all relevant times herein

27  mentioned was, the alter ego of Butt.  Upon information and belief, Butt is the active

28  controlling force behind the infringing activities of the corporate defendant Wholesale.

1  Upon information and belief, there exists, and at all times herein mentioned has

2  existed, a unity of interest and ownership between Wholesale and Butt such that

3  separateness has ceased to exist.

4      8.    Defendant Mohammad Shabbir ("Mohammad") is, on information and

5  belief, an individual doing business in Georgia at various websites, including but not

6  limited to **http://www.edgeimport.com** and **http://www.topswords.com**.

7  Mohammad operates an online business selling fanciful swords to customers in

8  California and elsewhere, including but not limited to direct online sales and indirect

9  sales via secondary online distributors, such as **http://www.ebay.com,**

10  **http://www.wholesalecentral.com** and **http://www.amazon.com**.  Upon information

11  and belief, Mohammed is the brother of Butt and the husband of Nadia.

12      9.    Upon information and belief, Edgework is, and at all relevant times herein

13  mentioned was, the alter ego of Mohammed.  Upon information and belief,

14  Mohammad is the active controlling force behind the infringing activities of the

15  corporate defendant Edgework. Upon information and belief, there exists, and at all

16  times herein mentioned has existed, a unity of interest and ownership between

17  Edgework and Mohammed such that separateness has ceased to exist.

18      10.    Defendant Nadia Shabbir ("Nadia") is, on information and belief, an

19  individual doing business in Georgia at various websites, including but not limited to

20  **http://www.edgeimport.com** and **http://www.topswords.com**.  Nadia operates an

21  online business selling fanciful swords to customers in California and elsewhere,

22  including but not limited to direct online sales and indirect sales via secondary online

23  distributors, such as **http://www.ebay.com, http://www.wholesalecentral.com** and

24  **http://www.amazon.com**.  Upon information and belief, Nadia is the sister-in-law of

25  Butt and the husband of Mohammed.

26      11.    Upon information and belief, Top Swords is, and at all relevant times

27  herein mentioned was, the alter ego of Nadia.  Upon information and belief, Nadia is

28  the active controlling force behind the infringing activities of the corporate defendant

Top Swords. Upon information and belief, there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Top Swords and Nadia such that separateness has ceased to exist.

12.     Various John Does 1-10 are individuals who, on information and belief, are engaged in conduct that infringes Plaintiff's trademarks and copyrights by doing business at various websites, including but not limited to **http://www.KAswords.com, http://www.topswords.com, http://www.edgeimport.com,** and **http://www.swordsswords.com**. On information and belief, John Does 1-10 operate online businesses selling fanciful swords to customers in California and elsewhere, including but not limited to direct online sales and indirect sales via secondary online distributors, such as **http://www.ebay.com, http://www.wholesalecentral.com** and **http://www.amazon.com**. John Does 1-10 work in concert with and/or control the infringing activities engaged in by the other named defendants. The identities of the various Does are unknown to Plaintiff at this time. This Complaint will be amended to include the names of such individuals when identified to Plaintiff. John Does 1 through 10 are hereinafter collectively referred to as "Defendants."

13.     Upon information and belief, Wholesale, Edgework, and Top Swords are, and at all relevant times herein mentioned were, the alter ego of each other. Upon information and belief, there exists, and at all times herein mentioned has existed, a unity of interest and ownership between these entities and the individuals who control their activities, such that separateness has ceased to exist.

## II. JURISDICTION

14.     The Court has subject matter jurisdiction over this matter pursuant to 17 U.S.C. §501 et seq.; 15 U.S.C. §1121; 28 U.S.C. §1331, and §1338(a) and (b); and 28 U.S.C. §1367.

15.     The Court has personal jurisdiction over the Defendants because they target and sell products to residents of California. Plaintiff is informed and believes

-4-

1   that Defendants Wholesale, Edgework, Butt, Nadia and Mohammed have collectively

2   sold over 1000 infringing items to Defendant PSM in California, for resale to

3   California retailers.  Furthermore, the conduct of all Defendants is aimed at and does in

4   fact injure Plaintiff in California.

5       16.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

6

7                    **III.  PLAINTIFF AND ITS RIGHTS**

8       17.   Plaintiff is a leading developer and publisher of digital entertainment,

9   motion pictures and manga, and is celebrated for its industry-leading expertise in video

10  games.  Plaintiff is the creator and owner of all rights in the "Final Fantasy" series of

11  video games, motion pictures, merchandise, and other derivative works (the

12  "Franchise").  The Franchise has generated well over one billion dollars in worldwide

13  revenue.

14      18.   Plaintiff first developed the "Final Fantasy" series as a single video game

15  in 1987 and it rapidly expanded into a commercially and critically successful franchise

16  consisting of more than 25 games sold throughout North America, Asia, Australia and

17  Europe.  The franchise has become one of the best selling video game franchises, with

18  more than 80 million units sold to date.  Many titles have also been praised in

19  entertainment magazines for their innovative visuals and soundtracks and the games

20  have repeatedly been included in numerous published lists of "top games".  The series

21  has popularized features now widely used in other console video games and is

22  recognized for its innovative music and visual displays.

23      19.   The "FINAL FANTASY" mark and name has been prominently displayed

24  as the title for each video game product distributed worldwide.

25      20.   Plaintiff has also produced two animated films, including *Final Fantasy:*

26  *The Spirits Within* and *Final Fantasy VII: Advent Children.*

27

28

21.    The FINAL FANTASY mark and name has been prominently displayed as the title for each animated film in theatrical exhibition and videocassette and DVD distributed worldwide.

22.    The Franchise has gained worldwide recognition for the famous characters it depicts and their accompanying fanciful depictions of swords, which were created and are owned by Plaintiff.  These swords have become iconic to consumers in the entertainment and video game industries.  Most of the swords are known by their distinct names and the famous characters that wield them, including "Cloud's Buster Sword", "Sephiroth's Masamune Sword", "Tidus' Brotherhood Sword", "Paine's Skull Sword", "Kadaj's Souba Double-Bladed Katana", "Yuffie's Cross", "Auron's Beast Sword" and "Squall Leonhart's Revolver Gunblade".  Many of the unique aspects of the sword designs are directly related to the swords' special powers in the games. These swords have achieved worldwide recognition and the unique design and name of each sword acts as a source identifier for the Franchise.   As a result of the fame and recognition of these characters and their swords, Plaintiff has developed strong trademark rights in these characters and their accompanying swords.

23.    Plaintiff is the exclusive owner of all rights in and all elements contained in the Franchise, including but not limited to the internationally famous characters and their distinctive characteristics depicted in the Franchise, and the fanciful swords they wield in the games and films (collectively the "FINAL FANTASY Property").   True and correct copies of depictions of the FINAL FANTASY Property are attached hereto as **Exhibit 1**.

24.    The FINAL FANTASY Property is extremely valuable to Plaintiff. Plaintiff has endeavored to maintain this high level of quality across all genres, including merchandise.  As a result of the success of the Franchise, Plaintiff has developed a multitude of merchandise items depicting the renowned FINAL FANTASY Property.  The direct merchandising of the FINAL FANTASY Property,

1   including the manufacture and sale of products, has proven highly profitable for

2   Plaintiff.

3          25.    Plaintiff has devoted a significant portion of its business since 1987 to the

4   creation and commercial exploitation of the FINAL FANTASY Property via licensing

5   agreements.  Plaintiff licenses the right to use the FINAL FANTASY Property in a

6   range of products.  Plaintiff has numerous active merchandise and promotional

7   licenses, and the number of licenses is continuing to grow.  In order to maintain its

8   reputation as well as the value of its licenses, Plaintiff carefully selects each licensee to

9   ensure the quality of its licensed products and has subjected each licensee to a strict

10  quality review and approval program.  Items utilizing the FINAL FANTASY Property

11  have proven to be in great demand.  As a result of Plaintiff's selective licensing efforts

12  and the critical acclaim of its Franchise, sales of licensed merchandise is a highly

13  lucrative business.

14         26.    Through Plaintiff's extensive sales and promotional efforts, as well as its

15  strict adherence to the highest standards of quality for its licensed and manufactured

16  property, Plaintiff and its FINAL FANTASY Property are associated in the public

17  mind with a fantasy adventure world that includes famous characters equipped with

18  distinctive hair styles, armored costumes and fanciful swords.

19         27.    As a result of the foregoing, Plaintiff has developed strong trademark

20  rights in various elements associated with the sale and marketing of FINAL

21  FANTASY Property (the "FINAL FANTASY Trademarks").  The FINAL FANTASY

22  Trademarks are renowned worldwide as identifiers of unique, accessorized characters

23  and imagery portrayed in the FINAL FANTASY Franchise.  These FINAL FANTASY

24  Trademarks include, but are not limited to, the following: FINAL FANTASY, the

25  names and designs of the individual FINAL FANTASY characters, their distinctive

26  swords and other taglines or word marks associated with the sale and marketing of the

27  FINAL FANTASY Franchise.

28

28.     Plaintiff has used the name "FINAL FANTASY" since at least as early as December 18, 1987.  Its trade name functions as, and is protected as, a trademark and service mark for a wide variety of goods and services.

29.     Plaintiff is the owner of the following federal trademarks with the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods Covered |
|---|---|---|---|
| FINAL FANTASY CREATURES | 2,961,076 | 06/07/05 | Dolls and toy figures |
| FINAL FANTASY ORIGINS | 2,957,929 | 05/31/05 | Computer game software; video game software;<br><br>Computer game strategy guidebooks; video game strategy guidebooks |
| FINAL FANTASY | 2,730,129 | 06/24/03 | Computer game software; video game software; sound recordings in the form of optical discs, magnetic discs and/or memory cards featuring music and entertainment; audio visual recordings in the form of optical discs, magnetic discs and/or memory cards featuring music and entertainment; pre-recorded audio cassettes featuring music; pre-recorded compact discs featuring music; pre-recorded digital video discs featuring music and animation; pre-recorded video cassettes featuring music, action and adventure stories and/or animated cartoon stories; pre-recorded compact discs featuring action and adventure stories and/or animated cartoon stories; pre-recorded digital video discs featuring music, action and |

| | | | |
|---|---|---|---|
| | | | adventure stories and/or animated cartoon stories; motion picture films featuring music, action and adventure stories and/or animated cartoon stories; multimedia software recorded on CD-ROMs featuring animation and/or computer graphics; magnets; eyeglasses; mouse pads; straps for cellular phones; transceivers |
| FINAL FANTASY CHRONICLES | 2,714,313 | 05/06/03 | Computer game programs; video game programs; <br><br> Books, magazines and journals featuring action, adventures and pictures; adventure and picture story books; adventure and picture theme books; computer game strategy guidebooks; video game strategy guidebooks |
| FINAL FANTASY | 2,914,757 | 12/28/04 | Providing computer games through a global communication network; providing information on computer game strategy through a global communication network; providing information on entertainment; and providing on-line animation through a global communication network |
| FINAL FANTASY | 2,503,111 | 07/09/02 | Toy action figures and dolls |
| FINAL FANTASY ANTHOLOGY | 2,592,033 | 07/09/02 | Interactive video computer software programs featuring action and adventures; prerecorded compact discs featuring action and adventure stories; interactive CD-ROM programs featuring action and adventures; computer game programs and video game programs; [video game joysticks; mouse pads; and] printed manuals |

| | | | |
|---|---|---|---|
| | | | and documentation sold and packaged as a unit for the aforesaid goods;<br><br>Printed materials, papers and paper articles, namely, books; magazines featuring action and adventures stores and pictures; posters; action, adventure and picture storybooks; adventure and action story theme books; stickers; video game strategy guidebooks; computer game instructional manuals; video game instructional manuals |
| FINAL FANTASY | 2,288,318 | 10/19/99 | Toys, sporting goods, games and playthings, namely, action figures and accessories therefor; child's multiple activity toys; computer game cartridges; computer game containing memory devices, namely disks; computer game tapes; dolls; soft sculpture dolls; and toy figures |
| FINAL FANTASY TACTICS | 2,267,813 | 08/3/99 | Action, adventure and picture collector books; action, adventure and picture magazines, namely, strategy guides for computer and video games; action, adventure and picture newsletters; action, adventure and picture pamphlets; action, adventure and picture brochures; action, adventure and picture journals; action, adventure and picture storybooks; adventure and action story theme books |
| FINAL FANTASY TACTICS | 2,204,584 | 11/17/98 | Video game programs and instruction manuals sold as a unit |
| FINAL | 2,693,596 | 03/04/03 | Belts; masquerade costumes; jackets; pants; hats; clothing caps; |

| FANTASY | | | shirts; shoes; shorts; sweaters; T-shirts |
|---|---|---|---|
| FINAL FANTASY | 2,643,157 | 10/29/02 | Toy mobiles; toy vehicles; children's multiple activity toys; soft sculpture toys; stuffed toys; toy stuffed animals; play figure clothing; card games; role playing games; doll costumes; doll clothing |
| FINAL FANTASY | 2,736,944 | 07/15/03 | Pillow cases; cloth flags; cloth banners; handkerchiefs; towels; cloth pennants; tapestry of textile |
| FINAL FANTASY | 2,845,077 | 05/25/04 | Beverage glassware; bottle openers; lunch boxes; dishes; plates not of precious metal; non-metal decorative boxes; plastic coasters; coffee cups; non-metal piggy banks; plastic cups; metal meal trays; serving trays not of precious metal; statues made of china, earthenware, and porcelain; clothes pins; sculptures made of china, sculptures made of crystal; sculptures made of earthenware; sculptures made of porcelain |
| FINAL FANTASY | 2,663,523 | 12/17/02 | Books, magazines, cartoons, pamphlets and catalogs all featuring action and adventure stories; children's activity books; note books; series of fiction books; stationery; pictures; ballpoint pens; paper banners; binders; note pads; pencil boxes; bumper stickers; calendars; trading cards; cases for pen and pencils; printed emblems; document holders |
| FINAL FANTASY | 2,663,522 | 12/17/02 | Clocks; clocks incorporating radio; alarm clocks; badges of precious metal; bracelets of precious metal; jewelry chains and rings; pendants; brooches; medallions; watches; wristwatches; watch straps; statues |

| | | | |
|---|---|---|---|
| | | | of precious metal; key holders of precious metal |
| FINAL FANTASY | 1,745,735 | 01/12/93 | Printed matter; namely, posters and picture storybooks; Games and playthings; namely, electronic game equipment for playing video games, electronic game programs, player-operated electronic controllers for electronic video game machines, toy light guns interactive with a video display, electronic exercise mats interactive with a video game display, and electronic game equipment with a watch/clock function |

True and correct copies of certificates of registration for these registrations are attached hereto as **Exhibit 2**.

30.     Plaintiff has used Plaintiff's Trademarks continuously on and in connection with the FINAL FANTASY Property since the inception of the FINAL FANTASY Franchise, and Plaintiff's Trademarks have never been abandoned. Plaintiff's Trademarks are valid, subsisting and in full force and effect.

31.     Based on the extensive sales and promotion of the FINAL FANTASY Property and the wide popularity of such products, Plaintiff's Trademarks have developed secondary meaning and significance in the minds of the public, and the services and products utilizing and/or bearing such marks are immediately identified by the purchasing public with Plaintiff.

32.     Plaintiff has obtained Japanese copyright protection under Japan copyright law for all of the games, films and the FINAL FANTASY Property, including copyright protection for the unique, fanciful sword designs featured in the Franchise (collectively with the federal copyright registrations the "FINAL FANTASY

Copyrights"). The FINAL FANTASY Copyrights are protected by Japanese copyright law based on their publication in Japan and are enforceable under the Berne Convention.

33.    Plaintiff has obtained federal copyright registrations for three particular games at issue herein, *FINAL FANTASY VII*, *FINAL FANTASY VIII* and *FINAL FANTASY X*, and one motion picture at issue herein, *FINAL FANTASY VII: ADVENT CHILDREN*. Plaintiff has complied with all applicable copyright laws. The FINAL FANTASY Copyrights are valid, subsisting and in full force and effect. True and correct photocopies of the copyright registrations are attached hereto as **Exhibit 3**.

34.    Plaintiff has not elected to merchandise or license for merchandise any full-scale replica swords that incorporate elements or design patterns of the FINAL FANTASY Property.

35.    Plaintiff recently began selling miniature replica versions of a number of its swords under the branding "Square Enix Master Arms." The swords identically mirror the swords held by the characters in both the FINAL FANTASY games and films. Because of their diminutive size, the swords cannot be used as actual weapons and they function only as souvenirs associated with the Franchise. The FINAL FANTASY mark and name has been prominently displayed in connection with the sale of all miniature replica swords. A true and correct copy of the replica swords distributed by Plaintiff are attached hereto as **Exhibit 4**.

36.    Unfortunately, due to the popularity of the FINAL FANTASY Property, products bearing infringements of the FINAL FANTASY Property are being sold throughout the United States. Plaintiff has undertaken and is continuing to exert substantial efforts to prohibit such infringement activity. Unless relief is granted by the Court, Plaintiff and/or its authorized licensees, retailer customers, and retail store customers will continue to suffer extensive damage, potential litigation, and irreparable harm from the infringing and illegal activities of Defendants.

1

## IV.  DEFENDANTS AND THEIR INFRINGING ACTS

2     37.     Upon information and belief, Defendants are importing, copying,

3 transmitting, utilizing, advertising, manufacturing (or causing to be manufactured),

4 distributing, selling, offering for sale, or otherwise exploiting, without Plaintiff's

5 consent, merchandise that infringes the FINAL FANTASY Property (the "Counterfeit

6 and/or Infringing Merchandise").  True and correct copies of exemplars of Defendants'

7 Counterfeit and/or Infringing Merchandise are attached hereto as **Exhibit 5**.

8     38.     Upon information and belief, long after Plaintiff's creation of the FINAL

9 FANTASY Property, its adoption and use of the FINAL FANTASY Property on a

10 diverse range of goods, and long after Plaintiff obtained its federal copyright and

11 trademark registrations, Defendants commenced importing, copying, transmitting,

12 utilizing, advertising, manufacturing (or causing to be manufactured), distributing,

13 selling, offering for sale, or otherwise exploiting the Counterfeit and/or Infringing

14 Merchandise in commerce and in this judicial district.

15     39.     Defendants, without Plaintiff's authorization or consent, have been and

16 continue importing, copying, transmitting, utilizing, advertising, manufacturing (or

17 causing to be manufactured), distributing, selling, offering for sale, or otherwise

18 exploiting the Counterfeit and/or Infringing Merchandise incorporating the FINAL

19 FANTASY Property, for which Plaintiff has the exclusive rights.  The result of

20 Defendants' activities has been that Defendants have profited, and continue to profit,

21 from their infringement of Plaintiff's rights.

22     40.     The Counterfeit and/or Infringing Merchandise is not, nor has it ever

23 been, licensed by Plaintiff, and, at all relevant times, Defendants were not authorized

24 by Plaintiff, or any authorized agent of Plaintiff, to engage in importing, copying,

25 transmitting, utilizing, advertising, manufacturing (or causing to be manufactured),

26 distributing, selling, offering for sale, or otherwise exploiting the Counterfeit and/or

27 Infringing Merchandise.

28

41.   Plaintiff has sent written demands to the named defendants that notify these defendants of Plaintiff's exclusive rights to the FINAL FANTASY Property, and demand that Defendants discontinue their use of any FINAL FANTASY Property and trademarks or marks confusingly similar to those owned by Plaintiff, including but not limited to all replica swords constituting derivative works of its copyrighted images. Despite the issuance of these letters, and the subsequent receipt from many of the Defendants of written promises to cease such activity, Plaintiff has been unsuccessful in preventing many of the Defendants' continued sale of Counterfeit and/or Infringing Merchandise.

42.   The FINAL FANTASY Property is of the highest quality.  The quality of authentic products featuring the FINAL FANTASY Property far exceeds that found in the Counterfeit and/or Infringing Merchandise.

43.   By engaging in this conduct, Defendants have acted in willful disregard of the laws protecting Plaintiff's goodwill, copyrights, trademarks and trade dress rights, and have confused and deceived, or threaten to confuse and deceive, the consuming public as to the source or sponsorship of the FINAL FANTASY Property.  By their wrongful conduct, Defendants have blatantly traded upon and diminished Plaintiff's goodwill and infringed Plaintiff's rights.  Defendants are currently infringing Plaintiff's valuable trademarks and copyrights, and, unless enjoined by this Court will continue to do so.

//

//

//

# FIRST CLAIM FOR RELIEF

## (Federal Copyright Infringement)

## [17 U.S.C. § 501]

## (Applicable to All Defendants)

44.     Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

45.     At all relevant times, Plaintiff has owned all right, title, and interest in and to the FINAL FANTASY Copyrights as delineated herein.

46.     Plaintiff has obtained Japanese Copyright protection under Japan Copyright Law for the FINAL FANTASY Property. Plaintiff has also complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the above-referenced copyrights, and in compliance with the law has received from the Registrar of Copyrights the appropriate certificates of registration, which constitute prima facie evidence of the validity of the copyrights and of the facts stated in the certificates.

47.     After the date that Plaintiff obtained federal copyright registrations and continuing to date, Defendants have infringed the FINAL FANTASY Copyrights by importing, copying, transmitting, utilizing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale, or otherwise exploiting without Plaintiff's consent, the Counterfeit and/or Infringing Products, which are copies of or bear a substantial similarity to the FINAL FANTASY Copyrights.

48.     Upon information and belief, Defendants' conduct was and is willfully done with knowledge of Plaintiff's rights in and to the FINAL FANTASY Copyrights, and continued to occur following Plaintiff's assertion of its rights.

49.     Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined, but which will be established at trial.

50.     Defendants' wrongful conduct will continue unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement)

### [15 U.S.C. § 1114]

51.     Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

52.     Plaintiff's Trademarks are fanciful and arbitrary and are associated in the mind of the public with Plaintiff.

53.     Based on Plaintiff's extensive advertising, sales, and the wide popularity of Plaintiff's products, Plaintiff's Trademarks have acquired secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product of, and affiliated with, Plaintiff.

54.     Defendants copy or otherwise imitate Plaintiff's Trademarks in connection with selling, distributing, and advertising the Counterfeit and/or Infringing Merchandise.

55.     Defendants' activities set forth herein constitute Defendants' use in commerce of Plaintiff's Trademarks.

56.     Defendants have used Plaintiff's Trademarks without Plaintiff's consent or authorization.  Defendants' use, including the sale and distribution of the Counterfeit and/or Infringing Merchandise in interstate commerce, is likely to cause confusion and mistake in the minds of the public, leading the public falsely to believe that the Counterfeit and/or Infringing Merchandise emanate or originate from Plaintiff, or falsely to believe that Plaintiff has approved, sponsored, or otherwise associated themselves with Defendants.

57.     Defendants have intentionally used Plaintiff's Trademarks knowing that such trademarks are Plaintiff's exclusive property in connection with the offering for sale, sale, and distribution of the Counterfeit and/or Infringing Merchandise.

58.     Defendants' conduct is intended to exploit the goodwill and reputation associated with Plaintiff's Trademarks.

59.   Plaintiff has no control over the quality of the Counterfeit and/or Infringing Merchandise. Because of the very real likelihood of confusion as to the source of the Counterfeit and/or Infringing Merchandise, Plaintiff's reputation and valuable goodwill in its trademarks is subject to Defendants' unscrupulous tactics.

60.   Defendants' activities as set forth herein create the false and misleading impression that Plaintiff has sanctioned, assigned, or authorized Defendants to use Plaintiff's Trademarks to advertise, manufacture, distribute, offer for sale, or sell the Counterfeit and/or Infringing Merchandise bearing Plaintiff's Trademarks when Defendants are not so authorized.

61.   Defendants engage in the aforementioned activity with the intent to confuse and deceive consumers into believing that Defendants, and the goods they sell, are in some way sponsored by, or affiliated with, or associated with, Plaintiff when the Defendants are not.

62.   Defendants' unauthorized use of Plaintiff's Trademarks as set forth herein has resulted in Defendants unfairly benefiting from Plaintiff's advertising and promotion, and profiting from Plaintiff's reputation and its registered trademarks, to the substantial and irreparable injury of the public, Plaintiff, Plaintiff's Trademarks, and the substantial goodwill represented thereby.

63.   Defendants' aforesaid acts constitute trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

64.   Defendants' acts have caused, and will continue to cause, great and irreparable injury to Plaintiff, and unless such acts are restrained by this Court, Defendants will continue such acts, thereby causing Plaintiff to continue to suffer great and irreparable injury.

65.   Plaintiff is informed and believes, and thereupon alleges, that Defendants' infringement is both intentional and egregious.

66.     Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts in an amount not thus far determined, but which will be established at trial.

67.     The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in Plaintiff's Trademarks, and to Plaintiff's business, reputation, and goodwill. Defendants' wrongful conduct will continue unless enjoined by this Court.

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin and False Description)

### [15 U.S.C. § 1125(a)]

68.     Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

69.     Plaintiff's Trademarks, including all of the images and designs embodied in the FINAL FANTASY Property, as set forth in the preceding paragraphs hereof, are distinctive, have been used throughout the United States and worldwide, and are well known to the trade and members of the purchasing public.  The public generally associates and identifies Plaintiff's Trademarks with Plaintiff.

70.     Defendants' conduct in importing, copying, transmitting, utilizing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting products bearing one or more of Plaintiff's Trademarks constitutes false designation of origin or sponsorship of said products and tends falsely to represent that products bearing Plaintiff's Trademarks originate with Defendants or that said products and Defendants have been sponsored, approved, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff.  Such conduct of Defendants is likely to confuse, mislead, and deceive Defendants' customers, purchasers and members of the public as to the origin of said products, or cause said persons to believe that those products and/or Defendants have

-19-

1   been sponsored, approved, authorized or licensed by Plaintiff or are in some way

2   affiliated or connected with Plaintiff, all in violation of 15 U.S.C. § 1125(a).

3        71.    Upon information and belief, Defendants' actions were done willfully

4   with full knowledge of the falsity of such designations of origin and false descriptions

5   or representations, and with the express intent to cause confusion, and to mislead and

6   deceive the purchasing public.

7        72.    Plaintiff has no adequate remedy at law and has suffered and continues to

8   suffer irreparable harm and damage as a result of Defendants' acts in an amount not

9   thus far determined, but which will be established at trial.

10       73.    The conduct of Defendants described above has caused and, if not

11  enjoined, will continue to cause irreparable damage to the rights of Plaintiff in

12  Plaintiff's Trademarks, and to Plaintiff's business, reputation, and goodwill.

13  Defendants' wrongful conduct will continue unless enjoined by this Court.

14

15                        **FOURTH CLAIM FOR RELIEF**

16                      **(State Statutory Unfair Competition)**

17                  **[Cal. Bus. & Prof. Code § 17200 et seq.]**

18       74.    Plaintiff repeats and realleges all of the allegations contained in the

19  preceding paragraphs of this Complaint as though the same were fully set forth herein.

20       75.    This claim arises under California Business and Professions Code §17200

21  et seq.  This Court has jurisdiction over the subject matter of this claim pursuant to the

22  provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with

23  a substantial and related claim under the Lanham Act, and under 28 U.S.C. § 1367.

24       76.    Plaintiff owns all rights, title and interest in and to the distinctive trade

25  names, trademarks, designs, symbols and logos used by Plaintiff in connection with the

26  FINAL FANTASY Property by virtue of its extensive manufacture, distribution,

27  promotion, advertising, licensing, offering for sale and sale of a wide variety of goods

28

1  bearing such trade names, trademarks, designs, symbols, and logos (collectively the

2  "Common Law Trademarks"), as set forth in preceding paragraphs of this Complaint.

3      77.    None of the Defendants have any rights to Plaintiff's Common Law

4  Trademarks.

5      78.    Products bearing Plaintiff's Common Law Trademarks have been

6  imported, advertised, manufactured (or caused to be manufactured), distributed, sold,

7  offered for sale and/or otherwise exploited and are being continuously imported,

8  advertised, manufactured (or caused to be manufactured), distributed, sold, offered for

9  sale and/or otherwise exploited in California to this day by Defendants.  In such

10  marketing and sales activity, the Counterfeit and/or Infringing Products bear infringing

11  copies of Plaintiff's Common Law Trademarks, and are confusingly similar to

12  Plaintiff's own products.  Such unauthorized use by Defendants of Plaintiff's Common

13  Law Trademarks, or confusingly similar imitations thereof, is likely to cause confusion

14  and mistake in the minds of the trade and the purchasing public and to deceive them as

15  to the source of origin, authorization or sponsorship of the Counterfeit and/or

16  Infringing Products and, therefore, to cause purchasers to buy such products in the

17  erroneous belief that they are authentic.

18      79.    Upon information and belief, Defendants have intentionally appropriated

19  one or more of Plaintiff's Common Law Trademarks with the intent of causing

20  confusion, mistake and deception as to the source of their goods and with the intent to

21  palm off their goods as those of Plaintiff and to place others in the position to palm off

22  their goods as those of Plaintiff.

23      80.    Plaintiff states, upon information and belief, and thereupon alleges, that

24  the acts of Defendants have violated the unfair competition laws of the State of

25  California and specifically California Business and Professions Code §17200 et seq.

26      81.    By such actions in infringing Plaintiff's Common Law Trademarks,

27  Defendants are improperly trading upon the enviable reputation and goodwill of

28

1    Plaintiff and are impairing Plaintiff's valuable rights in and to such Common Law

2    Trademarks.

3        82.    Plaintiff has no adequate remedy at law and has suffered and continues to

4    suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an

5    amount not thus far determined, but which will be established at trial.

6        83.    The conduct of Defendants described above has caused and, if not

7    enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the

8    FINAL FANTASY Property, and to Plaintiff's business, reputation and goodwill.

9    Defendants' wrongful conduct will continue unless enjoined by this Court.

10

11                          **FIFTH CLAIM FOR RELIEF**

12   **(State Common Law Trademark Infringement and Unfair Competition)**

13       84.    Plaintiff repeats and realleges all of the allegations contained in the

14   preceding paragraphs of this Complaint as though the same were fully set forth herein.

15       85.    This claim arises under the common law of California.  This Court has

16   jurisdiction over the subject matter of this claim pursuant to the provisions of 28

17   U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and

18   related claim under the Lanham Act, and under 28 U.S.C. § 1367.

19       86.    Plaintiff owns all rights, title, and interest in and to Plaintiff's distinctive

20   Common Law Trademarks.

21       87.    The Counterfeit and/or Infringing Products incorporate matter constituting

22   replicas and imitations of Plaintiff's Common Law Trademarks.  Such unauthorized

23   use by Defendants of Plaintiff's Common Law Trademarks constitutes trademark

24   infringement and unfair competition, and is likely to cause confusion and mistake in

25   the minds of the trade and the purchasing public as to the source of the products, and to

26   cause purchasers to believe such products are authentic products of Plaintiff when, in

27   fact, they are not.

28

88.     Upon information and belief, Defendants have intentionally appropriated one or more of Plaintiff's Common Law Trademarks with the intent of causing confusion, mistake and deception as to the source of their goods and with the intent to palm off their goods as those of the Plaintiff and to place others in the position to palm off their goods as those of Plaintiff and, as such, Defendants have committed trademark infringement and unfair competition under the common law.

89.     By such actions in infringing Plaintiff's Common Law Trademarks, Defendants are improperly trading upon the enviable reputation and goodwill of Plaintiff and are impairing Plaintiff's valuable rights in and to such trademarks.

90.     As set forth above, upon information and belief, the activities of Defendants complained of herein constitute willful and intentional acts of infringement of Plaintiff's Common Law Trademarks and unfair competition.

91.     Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined, but which will be established at trial.

92.     The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the FINAL FANTASY Property, and to Plaintiff's business, reputation, and goodwill. Defendants' wrongful conduct will continue unless enjoined by this Court.

## SIXTH CLAIM FOR RELIEF

### (Constructive Trust)

### [Cal. Civ. Code § 2224]

93.     Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

94.     This claim arises under California Civil Code § 2224 and the common law of the State of California. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of

1    constructive trust joined with a substantial and related claim under the Copyright and

2    Trademark Laws of the United States, and under 28 U.S.C. § 1367.

3        95.    Plaintiff states, upon information and belief and thereupon alleges, that

4    Defendants own and/or possess tangible real and/or personal properties and assets

5    including, but not limited to, bank, savings, and/or other financial accounts, consisting

6    of and/or obtained by profit derived from Defendants' unauthorized manufacture,

7    distribution and/or sale of the Counterfeit and/or Infringing Products.

8        96.    Plaintiff is entitled to the profits Defendants have derived from the

9    infringement of the FINAL FANTASY Property under 17 U.S.C. § 504(b), 15 U.S.C.

10    § 1117, and California Business and Professions Code § 14340.

11        97.    Plaintiff has no adequate remedy at law and has suffered irreparable harm

12    and damage as a result of Defendants' acts, as aforementioned.  Defendants hold those

13    tangible real and/or personal properties and assets consisting of and/or obtained by

14    profit derived from Defendants' infringing activities as constructive trustees for the

15    benefit of Plaintiff, in an amount thus far not determined.

16

17                            **PRAYER FOR RELIEF**

18        WHEREFORE, Plaintiff demands:

19        A.    That the Court order that Defendants, their agents, servants, employees,

20    representatives, successors and assigns, and all persons, entities, firms or corporations

21    in active concert or participation with any of them, be immediately enjoined from:

22            (1)    directly or indirectly infringing the FINAL FANTASY Property

23                   including, but not limited to, the FINAL FANTASY Trademarks,

24                   the FINAL FANTASY characters and accessories, the FINAL

25                   FANTASY Copyrights, the FINAL FANTASY Trademarks and the

26                   Common Law Trademarks, as described above, in any manner,

27                   including generally, but not limited to, manufacturing (or causing to

28                   be manufactured), importing, copying, distributing, advertising,

-24-

selling, offering for sale and/or otherwise exploiting any merchandise which infringes said FINAL FANTASY Property and, specifically, manufacturing, importing, copying, distributing, advertising, selling, offering for sale and/or otherwise exploiting the Counterfeit and/or Infringing Products or any other unauthorized products that picture, reproduce or utilize the likenesses of or which copy or bear a substantial similarity to the FINAL FANTASY Property;

(2)  engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers and/or members of the public into believing, that the actions of Defendants, the products sold by Defendants or Defendants themselves are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

(3)  affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offering for sale of any goods or services, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiff;

(4)  otherwise competing unfairly with Plaintiff in any manner;

(5)  infringing the aforementioned FINAL FANTASY Trademarks, FINAL FANTASY Copyrights, FINAL FANTASY Trademarks and the Common Law Trademarks, and damaging Plaintiff's goodwill, reputation, and business;

(6)  during the pendency of this action, destroying or otherwise disposing of:

(a)   merchandise falsely bearing the FINAL FANTASY
      Trademarks, or infringements or counterfeits thereof;

(b)   any other products which reproduce, copy, counterfeit,
      imitate or bear the FINAL FANTASY Property including,
      but not limited to, the FINAL FANTASY Trademarks, the
      FINAL FANTASY characters or accessories, the FINAL
      FANTASY Copyrights, the FINAL FANTASY Trademarks,
      the Common Law Trademarks, trade names, logos or
      designs, or which picture, reproduce or utilize the likenesses
      of or copy or bear a substantial similarity to the FINAL
      FANTASY Property;

(c)   any promotional and advertising material labels, packages,
      wrappers, containers and any other unauthorized items which
      reproduce, copy, counterfeit, imitate or bear the FINAL
      FANTASY Property including, but not limited to, the FINAL
      FANTASY Trademarks, the FINAL FANTASY characters
      and accessories, the FINAL FANTASY Copyrights, the
      FINAL FANTASY Trademarks, the Common Law
      Trademarks, trade names, logos or designs, or which picture,
      reproduce or utilize the likenesses of or copy or bear a
      substantial similarity to the FINAL FANTASY Property;

(d)   any molds, screens, patterns, plates, disks, negatives or other
      items used specifically for making or manufacturing products
      bearing the FINAL FANTASY Property including, but not
      limited to, the FINAL FANTASY Trademarks, the FINAL
      FANTASY Characters, the FINAL FANTASY Copyrights,
      the FINAL FANTASY Trademarks, the Common Law
      Trademarks, trade names, logos, or designs, or which picture,

1            reproduce or utilize the likenesses of or copy or bear a

2            substantial similarity to the FINAL FANTASY Property; and

3     (e)     any sales and supplier or customer journals, ledgers, invoices,

4            purchase orders, inventory control documents, bank records,

5            catalogues, recordings of any type whatsoever, and all other

6            business records and documents believed to concern the

7            importation, manufacture, reproduction, purchase,

8            advertising, sale or offering for sale of such Counterfeit

9            and/or Infringing Products;

10    (7)     during the pendency of this action, destroying any documents,

11            electronic files or business records that pertain to the importation,

12            manufacture, reproduction, advertisement, offer for sale or sale of

13            the Counterfeit and/or Infringing Products or any other items which

14            infringe the rights of Plaintiff in the FINAL FANTASY Property,

15            including any correspondence (including but not limited to

16            electronic mail), importation documents, manufacturing

17            specifications, shipping orders, phone records, phone logs, sales

18            and supplier or customer journals, ledgers, invoices, purchase

19            orders, product catalogs, web site order logs, inventory control

20            documents, bank records, catalogues, recordings of any type

21            whatsoever, and all other business records and documents believed

22            to concern the importation, manufacture, reproduction, purchase,

23            advertising, sale or offering for sale of such Counterfeit and/or

24            Infringing Products; and

25    (8)     effecting assignments or transfers of money, real or personal

26            property, business licenses, forming new entities or associations or

27            utilizing any other device for the purpose of circumventing or

28

otherwise avoiding the prohibitions or restrictions set forth in subparagraphs (1) - (7) above;

B.      That the Court issue a Permanent Injunction making permanent the orders requested in Prayer For Relief A(1)-(6), (8);

C.      That Plaintiff be awarded damages for each Defendants' copyright infringement in the form of actual damages in an amount to be determined at trial, together with each Defendants' profits derived from their unlawful infringement of the FINAL FANTASY Copyrights, or in the alternative, at Plaintiff's election, statutory damages under the Copyright Act of up to $150,000 for each infringed work, together with pre-judgment and post-judgment interest;

D.      That Plaintiff be awarded treble damages in an amount to be determined at trial for Defendants' willful trademark infringement pursuant to 15 U.S.C. § 1117(a), or in the alternative, statutory damages; together with pre-judgment and post-judgment interest;

E.      That Defendants account for and pay over to Plaintiff all damages sustained by Plaintiff and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that those profits be increased as provided and allowed by law;

F.      That Defendants hold, as constructive trustees for the benefit of Plaintiff, any and all personal and/or real properties and assets consisting of and/or obtained by profits derived from Defendants' infringing activities, and that Plaintiff be granted possession of or trustee rights over these properties;

G.      That the Court issue an order requiring Defendants to deliver to Plaintiff or, at Plaintiff's option, destroy, at Defendants' cost, all infringing copies of the FINAL FANTASY Property at the conclusion of the present matter;

//

//

1    H.    That the Court award Plaintiff its costs of suit incurred herein; and

2    I.    That the Court grant Plaintiff such other and further relief as it deems just

3    and equitable.

4

5    DATED:  February 8, 2008             Respectfully submitted,

6                                         KEATS MCFARLAND & WILSON LLP

7

8

9                                         David Caplan

10                                        Attorneys for Plaintiff

11                                        Square Enix Co., Ltd.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1



EXHIBIT  1
PAGE  30



# YUFFIE ユフィ・キサラギ

年齢16歳。
由緒正しい「ニンジャ」の末裔なのだが、
服装を見ても分かる通り、
本人にその自覚はまったくない。
「あるモノ」を手に入れるため、
強引にクラウドたちについていくことに。
ズル賢い上に、自分のことしか考えない
超ワガママ娘だが、大手裏剣や得意の忍術は
けっこう頼りになる存在。

EXHIBIT __1__
PAGE __31__

## ILLUSTRATION / NOMURA TETSUYA.



ILLUSTRATION/NOMURA TETSUYA.

SEPHIROTH セフィロス

歴戦の神羅ソルジャー。
その過去は神羅ファイルにのみ記される。
精鋭ソルジャー部隊の中でもトップクラスの実力を持つ。
彼の手に握られた長剣は、強力な殺傷力を認め
セフィロス以外の人間には扱うことができない。
クラウドは彼に憧れてソルジャーを目指した。現在行方不明。

EXHIBIT    1
PAGE    32



EXHIBIT  1
PAGE  33