DAVID CAPLAN (State Bar No. 181174)
MATTHEW KLAFTER (State Bar No. 248136)
KEATS MCFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Tel:  (310) 248-3830
Fax:  (310) 860-0363
Email:  dcaplan@kmwlaw.com
          mklafter@kmwlaw.com

Attorneys for Plaintiff
SQUARE ENIX CO., LTD.

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SQUARE ENIX CO., LTD., <br><br>  Plaintiff, <br><br> v. <br><br> WHOLESALE GALLERY, INC.; EDGEWORK IMPORTS, INC.; TOP SWORDS, INC.; PACIFIC SOLUTION MARKETING, INC.; KHALIL BUTT; MOHAMMAD SHABBIR; NADIA SHABBIR; and JOHN DOES 1-10, <br><br>  Defendants. | Case No.:  CV08-00875 JFW (JCx) <br><br> **FINAL JUDGMENT UPON CONSENT AGAINST DEFENDANTS WHOLESALE GALLERY, INC., EDGEWORK IMPORTS, INC., TOP SWORDS INC., KHALIL BUTT, MOHAMMAD SHABBIR AND NADIA SHABBIR** |

Plaintiff Square Enix Co., Ltd. ("Plaintiff"), having filed a Complaint in this action charging defendants Wholesale Gallery, Inc., Edgework Imports, Inc., Top Swords Inc., Khalil Butt, Mohammad Shabbir and Nadia Shabbir (collectively, "Defendants") with Federal Copyright Infringement (17 U.S.C. §§ 501 et seq.), Federal Trademark Infringement (15 U.S.C. § 1114), False Designation of Origin and False Description (15 U.S.C. § 1125(a)), State Statutory Unfair Competition, State Common Law Trademark Infringement and Unfair Competition, and Constructive Trust, and Defendants, having admitted liability for such alleged wrongdoing and violations of Plaintiff's rights;

NOW, THEREFORE, this Court, having reviewed the pleadings and other papers on file in this action, and having been advised by the parties that they desire to fully and conclusively settle the controversy between them based upon the findings of fact and conclusions of law set forth below, and under the terms and conditions stated herein, is of the opinion and finds that good cause exists for the approval of the Final Judgment against Defendants (the "Judgment").  Accordingly, based upon the foregoing, this Court makes the following findings of fact and rulings of law, and it is:

**ORDERED, ADJUDGED AND DECREED** as between the parties hereto that:

1. The claim arises under the Copyright Act, 17 U.S.C. § 101 et seq. and the Lanham Act, 15 U.S.C. § 1051 et seq.  This Court has subject matter jurisdiction over this matter pursuant to 17 U.S.C. §501, 15 U.S.C. §1121, and 28 U.S.C. §1331 and §1338.  Service was properly made against Defendants.

2. Plaintiff is a leading developer and publisher of entertainment software, video games, motions pictures and manga, and is celebrated for its industry-leading expertise in role-playing games.  Plaintiff is the owner of all rights in the FINAL FANTASY series of video games, motion pictures, merchandise, and other derivative works (the "Franchise").

3. The Franchise has gained worldwide recognition for the famous characters it depicts and these characters' iconic swords, and each character and sword acts as a source identifier for the Franchise.

4. As a result of the fame and recognition of the Franchise, Plaintiff has developed strong trademark rights in the Franchise's characters and their accompanying swords, each of which is also protected by copyright law.

5. Plaintiff is the exclusive owner and/or licensee of the following valid and subsisting trademarks related in and to the Franchise: FINAL FANTASY, the names and designs of the individual FINAL FANTASY Franchise characters (e.g., CLOUD, SEPHIROTH) and their distinctive swords (e.g., BUSTER SWORD, BROTHERHOOD SWORD), and other taglines or word marks associated with the sale and marketing of the FINAL FANTASY Franchise, and numerous trademarks registered with the U.S. Patent and Trademark Office, including: FINAL FANTASY CREATURES (Reg. No. 2,961,076), FINAL FANTASY ORIGINS (Reg. No. 2,957,929), FINAL FANTASY (Reg. No. 2,730,129), FINAL FANTASY CHRONICLES (Reg. No. 2,714,313), FINAL FANTASY (Reg. No. 2,914,757), FINAL FANTASY (Reg. No. 2,503,111), FINAL FANTASY ANTHOLOGY (Reg. No. 2,592,033), FINAL FANTASY (Reg. No. 2,288,318), FINAL FANTASY TACTICS (Reg. No. 2,267,813), FINAL FANTASY TACTICS (Reg. No. 2,204,584), FINAL FANTASY (Reg. No. 2,693,596), FINAL FANTASY (Reg. No. 2,643,157), FINAL FANTASY (Reg. No. 2,736,944), FINAL FANTASY (Reg. No. 2,845,077), FINAL FANTASY (Reg. No. 2,663,523), FINAL FANTASY (Reg. No. 2,663,522) and FINAL FANTASY (Reg. No. 1,745,735) (collectively, the "Square Enix Trademarks").

6. The Square Enix Trademarks are in full force and effect. The Square Enix Trademarks have not been abandoned, nor has the goodwill associated therewith.

7. Plaintiff is the exclusive owner of the following valid and subsisting copyrights related in and to the Franchise: *FINAL FANTASY VII* (Reg. No. TX 4-508-

436), *FINAL FANTASY VIII* (Reg. No. TX 5-021-731), *FINAL FANTASY XII OFFICIAL STRATEGY GUIDE* (Reg. No. TX 6-831-750), *FINAL FANTASY VII OFFICIAL STRATEGY GUIDE* (Reg. No. TX 6-831-765), *FINAL FANTASY VII: DIRGE OF CERBERUS* (Reg. No. TX 6-831-863), *FINAL FANTASY VIII OFFICIAL STRATEGY GUIDE* (Reg. No. TX 6-831-817), *FINAL FANTASY X OFFICIAL STRATEGY GUIDE* (Reg. No. TX 6-831-825), *FINAL FANTASY X FINAL FANTASY X-2 ART COLLECTION* (VA 1-628-797), *FINAL FANTASY XII ART COLLECTION* (Reg. No. VA 1-628-799), *FINAL FANTASY X-2 OFFICIAL STRATEGY GUIDE* (Reg. No. TX 6-832-003), *FINAL FANTASY XI: ONLINE ATLAS* (Reg. No. TX 6-832-143), *FINAL FANTASY XI: ONLINE OFFICIAL STRATEGY GUIDE* (Reg. No. TX 6-831-756), *FINAL FANTASY X* (Reg. No. PA 1-588-471), *FINAL FANTASY VII: ADVENT CHILDREN* (Reg. No. PA 1-306-257), and *FINAL FANTASY VII: ADVENT CHILDREN* (Reg. No. PA 1-335-185), among others (collectively, the "Square Enix Copyrights").

8. Plaintiff has obtained Japanese copyright protection under Japan copyright law for all of the FINAL FANTASY games, films and elements, including copyright protection for the unique, fanciful sword designs featured in the Franchise. These copyrighted elements are protected by Japanese copyright law based on their publication in Japan and are enforceable under the Berne Convention.

9. Without authorization from Square Enix, Defendants each violated Plaintiff's copyright and trademark rights by importing, distributing, advertising, offering for sale, and selling, full-scale replica swords copied from the Franchise, and advertised these products using the Square Enix Trademarks and Square Enix Copyrights.

10. By having engaged in the conduct described above, Defendants have committed copyright infringement in violation of 17 U.S.C. §§ 501 et seq., trademark infringement in violation of 15 U.S.C. § 1114, false designation of origin and false description in violation of 15 U.S.C. § 1125(a), state statutory unfair competition, state

common law trademark infringement and unfair competition, and are liable for constructive trust.

11.   Plaintiff has suffered damages in the amount of at least Six Hundred Thousand Dollars ($600,000.00) as a result of Defendants' wrongful conduct alleged herein.  Judgment is entered in Plaintiff's favor for $600,000.

## **PERMANENT INJUNCTION**

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants and their affiliates, agents, servants, employees, representatives, successors, assigns, and any person or entity acting under Defendants' direction or control, or in active concert or participation with Defendants, are immediately and permanently enjoined throughout the world from:

a) directly or indirectly infringing the Square Enix Trademarks or Square Enix Copyrights in any manner, including but not limited to manufacturing, importing, shipping, purchasing, advertising, offering for sale, selling or otherwise distributing replica swords or any other merchandise related to the Franchise without authorization from Plaintiff;

b) engaging in any conduct that tends to falsely represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, and/or members of the public to believe that, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff or the Franchise;

c) using any reproduction, counterfeit, copy or colorable imitation of the Square Enix Trademarks to identify any goods or the rendering of any services not authorized by Plaintiff;

d) copying or using copyrighted material belonging to Plaintiff, in any manner, without authorization from Plaintiff;

e) affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff;

f) otherwise competing unfairly with Plaintiff in any manner;

g) diluting and infringing the aforementioned FINAL FANTASY Trademarks and damaging Plaintiff's goodwill, reputations, and business operations;

h) further infringing the Square Enix Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Square Enix Trademarks;

i) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Square Enix Trademarks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

j) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, sold or rented by Defendants are in any manner associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff; and

k) assisting, aiding or abetting any other person or entity to engage in or perform any of the above-described acts.

1   The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of the Settlement Agreement between the parties, this Judgment, or the enforcement thereof and the punishment of any violations thereof.

This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Defendants.

**IT IS SO ORDERED**.

Dated: January 16, 2009            /s/
                                   Hon. John F. Walter
                                   United States District Judge

Presented by:
David K. Caplan
Matthew D. Klafter
KEATS McFARLAND & WILSON, LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

_____
David K. Caplan
Attorneys for Plaintiff
SQUARE ENIX CO., LTD.

## CONSENT AND ADMISSION OF LIABILITY

The undersigned hereby consents to the entry of the foregoing Judgment and admits liability for the wrongful conduct described therein.

Dated:  November __, 2008          EDGEWORK IMPORTS, INC.

By:_____

Name: _____

Its: _____

Dated:  November __, 2008          TOP SWORDS INC.

By:_____

Name: _____

Its: _____

Dated:  November __, 2008          MOHAMMAD SHABBIR

By:_____

Dated:  November __, 2008          NADIA SHABBIR

By:_____

Dated:  November __, 2008          WHOLESALE GALLERY, INC.

By:_____

Name: _____

Its: _____

Dated:  November __, 2008          KHALIL BUTT

By:_____